## V. LACROIX v. CHARLES DERBIGNY.

Every marriage contracted in this State, superinduces of right, partnership or community of acquets or gains, if there be no stipulation to the contrary.

All property hereafter acquired in this State by non-resident married persons, whether the title thereto be in the name of either the husband or wife, or in their joint names, shall be subject to the same provisions of law which now regulates the community of acquets and gains between citizens of this State.

Husband and wife are prohibited from contracting with each other except for certain specified purposes.

A pledgee of a promissory note to secure a certain sum on it, cannot deprive the maker of all equitable defence against the payee, who is still a part owner thereof.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Hornor*, for plaintiff. *Cyprien Dufour*, for defendant and appellant.

HYMAN, C. J. Defendant is appellant from a judgment condemning him to pay plaintiff the sum of $1,648, with eight per cent. interest thereon from 2d March, 1863, cost of protest and cost of suit.

The judgment is based on a promissory note made by defendant in March, 1863, payable six months after date to order of Auguste Damerest.

In argument it was admitted by defendant's counsel, that plaintiff was entitled to judgment for $800 with interest and cost; we are therefore exempted from the necessity of enquiring whether plaintiff has an interest in the note to that extent, whether the debt is divisible, or whether others should be made parties to this suit.

The note was endorsed in blank, and before its maturity was pledged by the wife of Damerest to plaintiff for the purpose of securing the payment of her note, owned by plaintiff, for $800. In the act of pledge she styles herself Ida Richer, but the evidence discloses that she and Damerest lived together as husband and wife and recognized each other as such. There is no evidence to cause a doubt of this relationship between them. Indeed the attorneys of plaintiff, in argument, admitted that Damerest and Ida Richer were husband and wife before the note sued on was given.

Defendant in his answer averred want of consideration, and that Damerest was the owner of the note. The note, if valid, was, at the time it was given, community property of Damerest and wife. See Civil Code, Articles 2369, 2371.

The evidence introduced, if it should not be contradicted, would prove that no consideration was given for the note.

Husband and wife are prohibited from contracting with each other, except for certain specified purposes, and as it is not shown that the note was transferred by Damerest to his wife for one of these purposes, the presumption is that it belonged to the community of which he has the control. See Civil Code, 1784, 2421, 2373.

There is no evidence that Demarest parted with the remainder of his interest in the note to plaintiff. On the contrary, it is shown by an agree-

ment between plaintiff and Damerest's wife, entered into subsequently to the pledging of the note, that it should be placed in the hands of the attorneys who brought this suit, for collection, and out of the collection plaintiff was to be paid the amount of the $800 note owing by her to him.

No provision in this agreement is made for the excess of the collection over Mrs. Demarest's indebtedness.

The plaintiff's claim, that he is the sole owner of the note, is not established by the evidence; and he cannot, by being pledgee to secure a sum for less than half of the amount for which the note was given, deprive the maker of all equitable defence against the payee, who is still a part owner thereof. See 3 Rob. Rep. 146.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed; and it is further ordered, adjudged and decreed, that plaintiff recover of the defendant the sum of eight hundred dollars, with interest thereon at the rate of eight per cent. per annum, from the second day of March, 1863, till paid, three dollars and seventy-five cents cost of protest, and the cost of suit in the District Court; the cost of appeal to be borne by plaintiff; reserving to the defendant the right of any equitable defence that he may have against the payee of the note.

HOWELL, J., recused.